## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEGAN STEAHLE**, on behalf of herself and all others similarly situated, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**CARGROUP HOLDINGS, LLC**, )<br>)<br>Defendant. ) | Case No.2:24-cv-1447 |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, as collective action and class action representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and all other similarly situated non-exempt Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective"), that they are (i) entitled to unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, et seq., specifically 29 U.S.C. §§ 207, 216(b), and (iii) entitled to all legally permitted pre-judgment and post-judgment interest, costs, and attorneys' fees.

2. Plaintiff complains pursuant to Fed. R. Civ. P. 23 and the Missouri Minimum Wage Law, on behalf of herself and a class of other similarly situated non-exempt workers employed by Defendant within the state of Missouri (the "Missouri Overtime Class"), that they are (i) entitled to unpaid wages including overtime premiums for all hours worked exceeding

6622471

forty (40) in a workweek, (ii) entitled to liquidated damages as defined by the Missouri Minimum Wage Law and (ii) entitled to legally permitted pre-judgment and post-judgment interest, costs, attorneys' fees, and penalties.

3. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23 and Missouri common law, on behalf of herself and a class of other similarly situated non-exempt workers employed by Defendant within the state of Missouri (the "Missouri Common Law Class"), that they are (i) entitled to unpaid wages, including underpaid overtime premiums and (ii) entitled to all legally permitted pre-judgment and post judgment interest, costs, attorneys' fees and penalties.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367 since it is part of the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative facts, the state law claims will not substantially dominate of the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

6. The United States District Court for the Eastern District of Pennsylvania has general personal jurisdiction because Defendant is a corporation with its principal place of business in Pennsylvania.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is a limited liability company with its principal place of business in this District.

- 3 -

8. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

9. At all relevant times, Defendant employed "employee[s]," including Plaintiff Megan Steahle, and those persons similarly situated as described herein.

10. At all relevant times, Plaintiff and the other members of the putative collective and classes were engaged in commerce and/or worked for Defendant in an enterprise engaged in commerce.

11. At all relevant times, Defendant had gross annual operating revenue in excess of $500,000.00 (Five Hundred Thousand Dollars).

12. At all relevant times, Defendant acted as an "employer" and employed employees including Plaintiff and those persons similarly situated as described herein under applicable Missouri law.

## THE PARTIES AND CLAIMS

13. Defendant Cargroup Holdings, LLC does business as WeBuyAnyCarUSA.com and WeBuyAnyCar.com and is engaged in the purchase and sale of used automobiles throughout the nation.

14. Plaintiff worked for Defendant, most recently, as a Senior Branch Manager in the St. Louis Missouri area. Plaintiff's consent to join this action is attached hereto as **Exhibit 1**.

15. Defendant employs other non-exempt employees, similarly situated to Plaintiff, in several states across the country, including Missouri.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

16.    Plaintiff brings Count I, the FLSA overtime claim, as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following persons:

All current and former non-exempt Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers who worked for Defendant at any time during the last three years ("FLSA Collective Members").

17.    Plaintiff, on behalf of herself and the FLSA Collective Members, seeks relief on a collective basis challenging Defendant's practice of misclassifying the FLSA Collective Members as exempt and refusing to pay such Members overtime premiums. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential FLSA Collective Members may easily and quickly be notified of the pendency of this action.

18.    Plaintiff is similarly situated to the FLSA Collective Members because, upon information and belief, all are subject to the same misclassification and denial of overtime premiums and perform substantially similar job functions for Defendant.

19.    Plaintiff will fairly and adequately protect the interests of the FLSA Collective Members and has retained counsel experienced and competent in the fields of wage and hour law and class and collective action litigation. Plaintiff has no interest that is contrary or in conflict with those members or putative members of this collective action.

20.    Notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

21. The email address of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

22. The cellular telephone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message as soon as possible.

23. Count II of this lawsuit is a Class Action under the Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq.* and Federal Rule of Civil Procedure 23. Plaintiff brings this Count on behalf of her and all other similarly situated non-exempt Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers who worked for Defendant in Missouri at any time during the last three years (the "Rule 23 Class")

24. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class and has retained counsel experienced and competent in the fields of wage and hour law and class and collective litigation. Plaintiff has no interest that is contrary or in conflict with those members of this class.

25. The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers who worked for Defendant in Missouri at any time during the last three years who do not opt out of the class action.

26. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Federal Rule of Civil Procedure 23.

27.     The Class satisfies the numerosity standard; it consists of multiple persons who may be geographically disbursed. As a result, joinder of all Class members in a single action is impractical. Class members may be informed of the pendency of this class action through direct mail, electronic mail, and telephone.

28.     Questions of fact and law common to the Rule 23 Class predominate over any questions affecting only individual members. Questions of law and fact arising from Defendant's actions including, without limitation, the following:

a. Whether Defendant misclassified the Rule 23 Class as exempt.

b. Whether Defendant failed to pay the Rule 23 Class members wages and overtime required under Mo. Rev. Stat. § 290.500 *et seq.*;

29.     The questions set forth above predominate any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

30.     Plaintiff's claims are typical of those of the Class in that the Class Members have been, or are, employed in the same or sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

31.     A class action is the appropriate method for the fair and efficient adjudication of the controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impairing or impeding the ability of the Class members to protect their interest.

- 7 -

## **GENERAL ALLEGATIONS**

32. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers who worked for Defendant routinely worked, and work, over 40 hours a week.

33. Defendant has actual knowledge that Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers work over 40 hours per work week.

34. Notwithstanding this notice, Defendant failed, and fails, to pay Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers one and one-half their regular rate of pay ("overtime") for hours worked over 40 in a work week.

35. Instead, Defendant willfully and purposefully misclassifies and misclassified Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers as exempt employees by paying them a marginal salary and working them over 40 hours a week.

36. Upon information and belief, Defendant has been informed by current and/or former employees of its failure to pay overtime, but Defendant has ignored these reports.

37. Defendant's deliberate failure to pay Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers their earned overtime for hours in excess of 40 in a workweek violates the FLSA and Missouri law.

38. The policies and practices maintained and administered by Defendant, instituted and approved by Defendant's managers, resulted, and result, in Defendant willfully failing to pay overtime compensation.

39. Defendant thus enjoyed, and continues to enjoy, ill gained profits at the expense of Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers

40. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers do not possess the requisite authority or independent discretion, or meet the duties test, to satisfy any applicable exemption under the FLSA or Missouri law.

41. Indeed, Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers work on leads, or client, that come to the Defendant looking to sell a vehicle to Defendant.

42. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers talk to these potential clients and leads through a standard, routine, and non-discretionary appointment process – greet the customer, decode the vehicle vin number, pull the auto history, assess the car to ensure that the customer's reported condition of the vehicle on the submission (likely via web) matches the actual visual condition of the vehicle.

43. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers enter this objective information into Defendant's software via iPad and inform the customer of the same.

44. Once Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers finish this objective data entry, the information is pushed through the system, which then calculates and creates an amount the employee must offer the customer for the vehicle.

45. The employee does not have any discretion or independent judgment or ability to negotiate outside the offer generated.

46. If that initial offer is not accepted by the customer, Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers must go to their remarketing/pricing department who will reassess the data to potentially generate another offer price.

47. Once a customer accepts an offer, Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers input title information and data into the system, send the information to a deal support team for review, and print the paperwork once it has been released.

48. The paperwork is then complete by the customer and submitted for another approval – an approval not made by Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers.

49. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers then wait for a payment check to be released to them, print the check, remove the customer's license plates, return the plates, and ask the customer to submit a customer satisfaction review. This is rinse and repeat.

50. If after the offers are made to the customer, a customer chose to not sell the vehicle to Defendant for any reason, Plaintiff and similarly situated Territorial Sales Reps,

Branch Managers, Senior Branch Managers, and Assistant Area Managers are required to contact an Area Manager or Regional Vice President for permission to end the appointment.

51. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers do not schedule, hire and fire, or discipline.

52. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers occasionally order supplies for branches but cannot do so independently – an internal ticketing system is used or is sent to corporate for approval before any order is placed.

53. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers do not participate in retail sales; nor is Defendant a retail sales establishment.

## **COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

54. Plaintiff reasserts and realleges the allegations set forth above.

55. At all times material herein, Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers have been entitled to the rights, protections, and benefits provided under the FLSA. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers are and were at all relevant times "employees" within the meaning of the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

56. The FLSA regulates, among other things, the payment of overtime to Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers who are engaged in interstate commerce, or engaged in the production

of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

57. Defendant is subject to the overtime pay Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers are engaged in commerce. 29 U.S.C. §§ 206(a) and 207(a).

58. During all times relevant to this action, Defendant was the "employer" of Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers within the meaning of the FLSA. 29 U.S.C. §§ 206(a) and 207(a).

59. Defendant failed to pay Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers the overtime wages to which they were, and are, entitled under the FLSA.

60. Defendant willfully and purposefully misclassified Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers as exempt employees despite Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers not meeting the duties test for any applicable exemption.

61. Defendant's violations of the FLSA, as described herein, have been willful and intentional.

62. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers.

63. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. As a result of Defendant's willful violations of the FLSA, Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers have suffered damages by being denied overtime wages in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated, prays for the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all current and former Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers employed by Defendant within three years preceding the date of filing this action. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

b. The payment at one and one-half times their regular rates of pay for all hours worked over 40 in any workweek by Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers employed by Defendant within three years preceding the date of filing this action for which they have not been properly compensated;

c. Liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Reasonable attorneys' fees and costs;

    e.  A reasonable service award to the Plaintiff to compensate her for the time he spent attempting to recover wages for FLSA collective members and for the risks he took in doing so;

    f.  Prejudgment interest;

    g.  That the applicable statute of limitations for Plaintiff's FLSA cause of action be tolled because strict application of the same would be inequitable;

    h.  A declaratory judgment that Defendant's practices alleged herein violate the FLSA and relating regulations; and

    i.  Such other and further relief as this Court deems fair and equitable.

## COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

65. Plaintiff reasserts and realleges the allegations set forth above.

66. At all relevant times herein, Plaintiff and the Rule 23 Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws – Mo. Rev. Stat. § 290.500 et seq.

67. Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable here.

68. At all relevant times herein, Defendant was the Rule 23 Class's employer, and the Rule 23 Class was Defendant's employees, within the meaning of Missouri's wage and hour laws – Mo. Rev. Stat. §§ 290.500(3) & (4).

69. Pursuant to Missouri's wage and hour laws (Mo. Rev. Stat. § 290.505.1), employees like Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers shall be compensated at a rate of not less than

one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a work week.

70. Defendant violated Missouri's wage and hour laws by willfully and intentionally refusing and failing to pay Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers overtime wages required under Missouri law.

71. Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers are therefore entitled to damages equal to the full amount of their wage rate and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers by Defendant.

72. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers are also entitled to an award of prejudgment and post judgment interests at the applicable legal rate.

73. Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers are also entitled to their costs and reasonable attorney's fees incurred in this action.

**WHEREFORE**, Plaintiff, individually and on behalf of all similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers, prays for the following relief:

   a. Compensatory damages equal to the full amount of Plaintiff's and Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area

      Managers wage rate (that is, one and one half times their regular rate of pay for all hours worked over 40 in a work week) and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers;

b. Attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527;

c. Prejudgment and post judgment interest; and

d. All other relief this Court deems fair and equitable.

Date: April 8, 2024                  Respectfully Submitted,

                                            **HKM EMPLOYMENT ATTORNEYS LLP**

                                            */s/ Stephanie L. Solomon*
Stephanie L. Solomon, Esquire
Pa. I.D. 208056
220 Grant Street
Suite 401
Pittsburgh, PA  15219
412.760.7802
ssolomon@hkm.com

S. Cody Reinberg, Esquire
Mo. Bar #66174
7382 Pershing Ave., 1W
St. Louis, MO  63130
314-391-9557 p/f
creinberg@hkm.com
*pro hac vice motion forthcoming*

**Attorneys for Plaintiff**