IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN STEAHLE<br><br>v.<br><br>CARGROUP HOLDINGS, LLC | CIVIL ACTION<br><br>NO.  24-01447 |

MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                   August 21, 2024

      This action was brought by Plaintiff Megan Steahle, individually and as a collective action and class action representative for similarly situated Territorial Sales Reps, Branch Managers, Senior Branch Managers, and Assistant Area Managers ("Alleged Class Members"), against their employer, Cargroup Holdings, LLC ("Defendant") for alleged violations of federal and state overtime protections.  Plaintiff alleges overtime violations of both the FLSA, 29 U.S.C. § 201 *et seq* (Count I), and the Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq* (Count II).

      Presently before this Court is Defendant's Motion to Dismiss all counts of the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  ECF 13.  For the reasons stated below, Defendant's Motion to Dismiss is denied.

I. **RELEVANT FACTUAL BACKGROUND**

The events giving rise to this case, as alleged by Plaintiff in the Amended Complaint, are as follows. Defendant conducts business as WeBuyAnyCarUSA.com, engaging in the nationwide purchase and sale of used automobiles. Amend. Compl. ¶ 13. Defendant employs employees like Plaintiff and Alleged Class Members in several states across the country, including Missouri. Id. ¶ 15. Plaintiff worked for Defendant, most recently, as a Senior Branch Manager in the St. Louis, Missouri area. Id. ¶ 14.

Plaintiff and Alleged Class Members are involved in the purchase of vehicles from customers, and not in the sale of vehicles to customers. Id. ¶ 37. Alleged Class Members interact with customers, assess cars to verify customers' reported condition of the vehicle, and input data about the vehicles into a software that generates a purchase offer for the customer. Id. ¶ 53-54. Alleged Class Members do not negotiate with customers beyond presenting the software-generated purchase offer to the customer. Id. ¶ 55-56. If a customer rejects this purchase offer, Alleged Class Members informs the pricing department and provides data to the pricing department to reassess and potentially generate a new purchase offer for the customer. Id. ¶ 57.

When a customer accepts an offer, Alleged Class Members record title information and data, send information to a deal support team for review, and print final paperwork for the customer's completion. Id. ¶ 58. Alleged Class Members submit customer's paperwork for external approval, print a payment check, remove and return license plates to the customer, and request the customer's submission of a customer satisfaction review. Id. ¶ 59-60. When a customer decides not to sell the vehicle to Defendant, Alleged Class Members are required to contact an Area Manager or Regional Vice President for permission to end the appointment. Id. ¶ 61.

Alleged Class Members do not engage in resale or retail sale of purchased vehicles.  Id. ¶ 38-41.  For the resale of purchased vehicles, Defendant has a Re-Marketing Department that does not include Alleged Class Members.  Id. ¶ 38-39.  Unlike a car dealership, Defendant does not engage in retail sale of vehicles.  Id. ¶ 40-41.  Defendant is multiple degrees of separation from the retail sale, as it maintains an exclusive contract with national auction house Adesa, which sells vehicles to dealers that then sell those vehicles to retail customers.  Id. ¶ 42-45.

## II. PROCEDURAL HISTORY

On April 8, 2024, Plaintiff commenced this lawsuit.  ECF 1.  On May 24, 2024, Defendant moved to dismiss Plaintiff's Complaint, for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction for the state law claim.  ECF 10.  On May 24, 2024, Plaintiff filed an Amended Complaint.  ECF 11.  On June 7, 2024, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint.  ECF 13.  On June 10, 2024, Plaintiff filed a Response in Opposition.  ECF 14.  On June 17, 2024, Defendant filed a Reply.  ECF 15.

## III. PARTIES' CONTENTIONS

### A. Defendant's Motion to Dismiss Plaintiff's Amended Complaint

Defendant argues that Plaintiff and Alleged Class Members fail to state an FLSA claim (Count I) for which relief can be granted.  ECF 13 at 1.  Defendant asserts that the FLSA's auto salesman exemption applies to its business to bar Plaintiff's FLSA claim because Defendant is involved in the sale of automobiles.  ECF 13 at 6.  Defendant argues that auctioning automobiles through the auction house Adesa should not disqualify Defendant from the FLSA exemption for employers selling automobiles to "ultimate purchasers" because the FLSA and agency regulations do not exclude other dealers from the definition of "ultimate purchaser."  ECF 13 at 5.

Additionally, Defendant argues that Plaintiff and Alleged Class Members are automobile salespeople exempt from FLSA overtime protections because they are engaged in a sales process. ECF 13 at 8. Defendant defines "salesman" as including employees making sales, or engaged in obtaining an order, or engaged in contracts for sales. ECF 13 at 6. Defendant asserts that Alleged Class Members, who purchased vehicles, are salespeople engaged in obtaining an order or engaged in contracts for sale and that Alleged Class Members are involved in sales or contracts where the customer received compensation for a vehicle. Id. Defendant asserts that Alleged Class Members qualify as salespeople because purchasing automobiles is "adjacent to" the sale of automobiles. ECF 13 at 7. Defendant notes that the FLSA's definition of "sale" includes "other disposition[s]" and argues that Alleged Class Members' employment activities fell within "the 'other disposition' catchall" because interacting with customers, evaluating vehicles for purchase price determination, and vehicle purchasing are employment activities embedded in the vehicle sale process. ECF 13 at 7-9.

Defendant also argues that the Court lacks subject matter jurisdiction over the Missouri state overtime claim (Count II) since the Court's supplemental jurisdiction over the Missouri law claim dissipates with the dismissal of the FLSA claim that it had original jurisdiction over. ECF 13 at 10.

### B. Plaintiff's Response

In response, Plaintiff asserts that she has met the required elements of the prima facie claim for failure to pay overtime under FLSA and Missouri law, and that the following elements are not disputed: Defendant is "engaged in commerce," as defined by the FLSA; Plaintiff is an "employee," as defined by the FLSA; and Plaintiff worked more than 40 hours in a week but was not paid overtime. ECF 14 at 1.

Plaintiff argues that its FLSA claim (Count I) is viable because Alleged Class Members purchase automobiles, rather than sell automobiles, and do not qualify as exempt auto salespeople. ECF 14 at 3.  Additionally, Plaintiff argues that Defendant does not satisfy the exemption's requirement because Defendant does not sell automobiles to "ultimate purchasers."  Id. Furthermore, Plaintiff emphasizes that, in a Rule 12(b)(6) motion to dismiss, the Court's role is to determine if the plaintiff is entitled to present evidence supporting their claims, not to assess whether a plaintiff will ultimately prevail.  ECF 14 at 2.  Plaintiff contends that the Amended Complaint presents a plausible claim for relief and should survive a motion to dismiss.  ECF 14 at 4.  Plaintiff also argues that it is inappropriate to dismiss a case based on an affirmative defense, such as the FLSA exemption.  ECF 14 at 2.

Plaintiff writes that because the FLSA claim survives dismissal, the Court has supplemental jurisdiction over the Missouri state law claim (Count II) and should deny Defendant's Motion to Dismiss the state law claim for lack of subject matter jurisdiction.  ECF 14 at 5.

**C. Defendant's Reply**

Defendant argues that affirmative defenses like FLSA exemptions may be considered at the motion to dismiss stage when those defenses would bar plaintiffs' recovery plainly on the face of the complaint.  ECF 15 at 2.  Defendant asserts that the Amended Complaint does not include factual allegations that disqualify Plaintiffs or Defendant from the auto salesman exemption to FLSA overtime protections or establish Defendant's violation of wage and hour laws.  ECF 15 at 2-3.

Defendant asks the Court to dismiss the Missouri state law claim in addition to the FLSA claim because Missouri prohibits the application of its state wage and hour protections to employees who are excluded from FLSA protections. ECF 15 at 4.

**IV. LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted).  Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that [she] has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

A court "must grant" a Rule 12(b)(1) "motion to dismiss if it lacks subject-matter jurisdiction to hear the claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may present either a facial or a factual attack. Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack concerns "'an alleged pleading deficiency' while a factual attack concerns "'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008) (quoting United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 512 (3d Cir. 2007) (alterations in original)).

## V. DISCUSSION

### A. FLSA Claim (Count I)

The FLSA requires employers to pay overtime compensation when a covered employee works more than forty hours per week. 29 U.S.C. §207(a)(1). The FLSA exempts from this overtime guarantee "any salesman . . . primarily engaged in selling or servicing automobiles, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles . . . to ultimate purchasers." 29 U.S.C. §213(b)(10)(A). In enforcing the FLSA, the Department of Labor has promulgated regulations defining the employers and employees who qualify for the statute's auto salesman exemption. 29 C.F.R. §779.372. The application of an FLSA exemption is an "affirmative defense on which the employer has the burden of proof." Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974).

For the automobile salesman exemption in Section 13(b)(10)(A) to apply, the employer must be an establishment that is not engaged in manufacturing. 29 C.F.R. §779.372(b)(1)(i). Additionally, the employer must be primarily engaged in the business of selling vehicles to the "ultimate purchaser." 29 C.F.R. §779.372(b)(1)(ii). An establishment primarily engages in selling automobiles when it derives "over half" of its "annual dollar volume of sales made or business done" from selling automobiles. 29 C.F.R. §779.372(d).

As for employees exempt under Section 13(b)(10)(A), a salesman is an employee who is employed "for the purpose of and is primarily engaged in making sales or obtaining orders or contracts for sale of the automobiles, trucks, or farm implements that the establishment is primarily engaged in selling." 29 C.F.R. §779.372(c)(1). For a salesman to be primarily engaged in automobile sales, "over 50 percent of the salesman's . . . time must be spent in selling . . . vehicles." 29 C.F.R. §779.372(d). The FLSA defines "sell[ing]" as the "sale, exchange, contract to sell,

7

consignment for sale, shipment for sale, or other disposition." 29 U.S.C. §203(k). In interpreting the FLSA's definition of "selling," the Supreme Court held that "other disposition" includes "arrangements that are tantamount, in a particular industry, to a paradigmatic sale of a commodity." Cristopher v. SmithKline Beecham Corp., 567 U.S. 142, 145 (2012).

Here, the Court must first address whether Defendant is an establishment that qualifies for the auto salesman exemption. Defendant holds dealer licenses and maintains an exclusive contract with Adesa, an auction house that sells vehicles to dealers who then sell these vehicles to "ultimate purchasers." Defendant is a nonmanufacturing establishment. For the reasons discussed below, Defendant is not primarily engaged in the business of selling vehicles to "ultimate purchasers."

## I. Defendant does not qualify for the FLSA exemption.

Neither the agency regulations nor the statute defines the "ultimate purchaser" to clearly exclude other dealers like Adesa. See 29 C.F.R. §779.372. However, a court determining the scope of a statute may "look first to its language, giving the words used their ordinary meaning." Moskal v. United States, 498 U.S. 103, 108 (1990) (citation and internal quotation marks omitted). The "plain meaning" of "ultimate purchaser" is the "purchaser in the stream of commerce who is intended to use the product himself—as opposed to a middleman who intended to resell the product." Bodine Oil Inc. v. United States, 929 F. Supp. 761, 763-64 (D.N.J. 1996) (citing Valley Ice & Fuel Co. v. United States, 30 F.3d 635, 638 (5th Cir. 1994)); see also Garner v. United States, 1992 WL 201011, at *2 (E.D. Pa. Aug. 10, 1992) (finding the "ultimate purchaser" to be the customer, rather than a dealer "who bought from the supplier and sold to others," in the context of excise taxation). In the context of purchase disclosures for new automobiles, Congress has defined "ultimate purchaser" as "the first person, other than a dealer purchasing in his capacity as a dealer, who in good faith purchases . . . for purposes other than resale." 15 U.S.C. §1231(g).

Here, Defendant's possession of a dealer license does not overcome the fact that it is separated from the retail customer by Adesa and other dealers. Defendant is not primarily engaged in the business of selling vehicles to "ultimate purchasers" and therefore does not qualify for the auto salesman exemption.

## II.   Alleged Class Members do not fall within the FLSA exemption.

The Court next evaluates whether Alleged Class Members fall within the FLSA exemption. Employees fall within an FLSA overtime exemption when they are "integrally involved" in the exempted employment process. Encino Motorcars, LLC v. Navarro, 584 U.S. 79, 87 (2018). For example, service advisors at an automobile dealership in Encino Motorcars, LLC v. Navarro fell within the FLSA exemption for employees "primarily engaged in . . . servicing automobiles" because they were "integral to the servicing process." Id. at 86. They met customers, suggested repair and maintenance services, sold accessories or replacement parts, and recorded service orders. Id. In its analysis of the service advisors' exemption, the Supreme Court prioritized a "fair reading" over a "narrow" construction of FLSA exemptions, reasoning that exemptions are "as much a part of the FLSA's purpose as the overtime pay requirement." Id. at 88-89. The Supreme Court concluded that the phrase "primarily engaged in servicing automobiles" in the FLSA auto servicemen exemption "must include some individuals who do not physically repair automobiles themselves but who are integrally involved in the servicing process." Id. at 87.

Defendant cites the expansive auto serviceman exemption in Navarro and characterizes Alleged Class Members as exempt salespeople because they are "adjacent" to the sale of vehicles, even if they do not sell the vehicles themselves. ECF 13 at 7. However, Alleged Class Members' responsibilities—assessing customers' vehicles, presenting software-generated purchase prices,

9

consulting Defendant's pricing department, and completing post-purchase clerical tasks—do not reflect integral involvement in "selling" as defined by the FLSA.

The Supreme Court found employees to be engaged in sales for purposes of the FLSA when they did the "most that [they] were able to do to ensure the eventual disposition of the products that respondent sells." Christopher, 567 U.S. at 165. The Christopher employees were "outside salesmen" exempt from the FLSA's overtime compensation because they were fired for their sales experience and trained to maximize sales. Id. at 165-66. The Navarro employees were exempt auto servicemen because they were service advisors who prescribed repair and maintenance services to customers and explained the completed services to customers. Navarro, 584 U.S. at 86. The Navarro court noted that the employees were so integral to the servicing process that "if you ask the average customer who services his car, the primary, and perhaps only, person he is likely to identify is his service advisor." Id.

Here, the purchasing role of Alleged Class Members generally supports the eventual sale of automobiles. However, Alleged Class Members differ from Christopher and Navarro employees, who occupied roles directly related to the exempted employment processes of sales and servicing. Alleged Class Members are not employed to promote sales, unlike the Christopher employees optimizing sales, or advise sales, considering that the Defendant maintains a separate Re-Marketing Department to sell the purchased vehicles. Alleged Class Members do not advise auto sales, unlike the Navarro employees advising auto services, since they do not prescribe purchase prices. Alleged Class Members are solely employed to help purchase vehicles from customers and are not involved in the resale or retail sale of purchased vehicles.

The court in Spikes found that the FLSA auto sales exemption did not apply when plaintiffs "provided support to salespeople" but "were not salespeople, as required by the statute." Spikes

10

v. Schumacher Auto Grp., Inc., 2022 WL 18402565, at *5 (S.D. Fla. Dec. 20, 2022), aff'd in part, 2024 WL 2698864 (11th Cir. May 24, 2024). Addressing the Navarro mandate for "fair" rather than "narrow" interpretations of FLSA exemptions, the Spikes court notes that a "fair interpretation does not require finding that anyone whose job aids in achieving the ultimate goal of selling cars is a salesman" because doing so would establish "practically every employee at any retail establishment" as a salesperson. Id. The Spikes court notes that plaintiffs "provide[d] very limited information about the automobiles that defendants had for sale" and "ma[d]e appointments for customers to meet with the Sales Manager, who then assign[ed] the customer to a salesperson." Id.

Like the non-exempt Spikes plaintiffs who connect customers to salespeople, Alleged Class Members handle administrative tasks tangential to a sale and the sale is conducted by a different set of employees in the Re-Marketing department. Alleged Class Members are not employed for the "purpose" of selling automobiles and they are not "primarily engaged" in automobile sales, as required for the FLSA exemption to apply.

**III.     It is premature to grant a motion to dismiss based on an FLSA exemption.**

The parties dispute whether Plaintiff has the burden of defeating affirmative defenses at the motion to dismiss stage. Courts in this district have declined to dismiss a FLSA case because it was premature to recognize an exemption that was not "apparent from the face of the Plaintiff's Complaint." Anzaldua v. Whyy, Inc., 160 F.Supp. 3d 823, 826 (E.D. Pa. 2016) (citing Brody v. Hankin, 145 F. App'x. 768, 771 (3d Cir. 2005)); see also Jackson v. Sweet Home Healthcare, 2017 WL 1333001, at *2 (E.D. Pa. Apr. 5, 2017) (denying a motion to dismiss a FLSA case because the exemption was an affirmative defense, and its applicability was not "clear from the face of the Complaint"). To require plaintiffs to plead facts sufficient to show that the FLSA auto salesman

exemption does not apply would "erect a burden on plaintiffs at the pleading stage that is beyond what is required for notice pleading." Jones v. Giant Eagle, Inc., 2019 WL 4743688, at *1 (W.D. Pa. Sept. 30, 2019); see also Sloane v. Gulf Interstate Field Servs., Inc., 2016 WL 878118, at *4-5 (W.D. Pa. Mar. 8, 2016) ("The absence of an FLSA exemption is not a required element and, therefore, Plaintiff need not plead facts which would permit a finder of fact to conclude that an exemption does not apply.").

In sum, Defendant is not an employer covered by the auto salesman exemption, Alleged Class Members are not clearly exempt auto salespeople, and courts in this Circuit have refrained from requiring plaintiffs to defeat an FLSA exemption at the motion to dismiss stage. Accordingly, the Court declines to dismiss Plaintiff's FLSA claim at this time.

### B. Missouri State Law Claim (Count II)

In denying the motion to dismiss Plaintiff's FLSA claim, the Court maintains supplemental jurisdiction over Plaintiff's related overtime claim under Missouri state wage and hour law. Mo. Rev. Stat. § 290.500. A district court may exercise supplemental jurisdiction when "state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003). Therefore, Defendant's motion to dismiss for lack of subject matter jurisdiction must be denied.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied as to Plaintiffs' FLSA claim (Count I) and Missouri state law claim (Count II). An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-1447 Steahle v Cargroup\24cv1447 Memorandum re Motion to Dismiss.docx