IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEGAN STEAHLE**, on behalf of herself and all others similarly situated,<br><br>v.<br><br>**CARGROUP HOLDINGS, LLC** | CIVIL ACTION<br><br>NO. 24-1447 |

**Baylson, J.**                                                                                         **March 21, 2025**

In this putative collective action, Megan Steahle ("Plaintiff") contends that CarGroup Holdings, LLC ("Defendant") violated the Fair Labor Standards Act ("FLSA") and Missouri's wage and hour laws by allegedly misclassifying certain employees as exempt from the overtime provisions of the FLSA, resulting in employees not being compensated an additional overtime rate for more than 40 hours of work in a week.

Currently pending before the Court is Plaintiff's Motion for FLSA Conditional Certification. ECF 46. Plaintiff asks that the Court conditionally certify a collective class defined as:

> All Sales Representatives, Territorial Sales Representatives, Branch Managers, Senior Branch Managers, and Assistant Area Managers who worked for CarGroup Holdings, LLC, anywhere in the United States any time from April 8, 2021, through the final disposition of this matter.

Id. Plaintiff also asks that the Court order certain other relief related to notice to putative collective class members and that the Court toll the statute of limitations for putative collective class members from the filing of the instant Motion for Conditional Certification until the end of the Notice period. Id.

For the reasons that follow, Plaintiff's Motion for conditional certification is **GRANTED IN PART**. The Court will conditionally certify the proposed collective class but the Court will

**STAY** notice to putative collective class members and Plaintiff's request to toll the statute of limitations pending the parties' scheduled settlement conference with Magistrate Judge Arteaga, currently scheduled for Tuesday, June 24, 2025.

## I. RELEVANT FACTUAL BACKGROUND

The factual background of this case, as alleged by Plaintiff in her Amended Complaint, was fully explained in the Court's prior ruling on Defendant's motion to dismiss and can be referenced there. See Memorandum re: Mot. to Dismiss (ECF 17) at 2–3.

## II. PROCEDURAL HISTORY

Plaintiff filed a Complaint in this Court on April 8, 2024. ECF 1. Defendant moved to dismiss Plaintiff's first Complaint on May 24, 2024, ECF 10, and on the same day, Plaintiff filed an Amended Complaint, alleging—individually and on behalf of all others similarly situated—two counts against Defendant:

1. Violation of the Fair Labor Standards Act (Count I); and
2. Violation of Missouri's Wage and Hour Laws (Count II).

ECF 11. On June 7, 2024, Defendant moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 13. Upon consideration of Defendant's Motion, Plaintiff's Response (ECF 14), and Defendant's Reply (ECF 15), this Court denied Defendant's Motion. ECF 16–17.

On November 21, 2024, Plaintiff filed a Motion For Conditional Certification And Notice To The Putative Collective (ECF 46), asking this Court to enter an Order:

1. Conditionally certifying the proposed collective class;
2. Approving Plaintiff's form of notice to be sent to putative collective class members by U.S. Mail, e-mail, and text-message;
3. Approving Plaintiff's proposed schedule for notifying putative collective class members of the lawsuit and the time for putative collective class members to opt-into the litigation;

4. Approving a reminder email and text message to be sent to putative collective class members;

5. Allowing putative collective class members to execute electronic consent forms;

6. Requiring Defendant to identify all putative collective class members and provide lists to Plaintiff; and

7. Tolling the statute of limitations for putative collective class members from the filing of the Motion for conditional certification until the end of the notice period.

Id.

On December 27, 2024, Defendant filed a Response to Plaintiff's Motion, ECF 67, and Plaintiff filed a Reply on January 23, 2025, ECF 82. On February 21, 2025, Defendant filed a motion for leave to file a sur-reply and attached a copy of its proposed sur-reply. ECF 90. The Court granted Defendant's Motion on February 24, 2025, and Defendant's sur-reply was docketed on the same day. ECF 92–93.

### III.    LEGAL STANDARD

The FLSA provides federal minimum wage, maximum hour, and overtime protection to employees within its scope. Genesis v. Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013). The FLSA's private enforcement mechanism permits "[a]n action ... [to] be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The action authorized by 29 U.S.C. § 216(b)—a collective action—allows a "named employee plaintiff or plaintiffs [to] file a complaint 'in behalf of' a group of other, initially unnamed employees who purport to be 'similarly situated' to the named plaintiff." Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 223 (3d Cir. 2016).

The Third Circuit applies a two-step analysis in certifying collective actions. Karlo v. Pittsburgh Glass Works, LLC, 849 F.3d 61, 85 (3d Cir. 2017). The first step—conditional

certification—requires "the named plaintiffs to make a 'modest factual showing' to demonstrate a 'factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members.'" Id. (quoting Halle, 842 F.3d at 224). The "sole consequence" of conditional certification is that the court-approved notice is disseminated to collective action members. Genesis, 569 U.S. at 75. After a grant of conditional certification, notice recipients provide written consent to participate in the collective action, and limited certification-related discovery is conducted. Halle, 842 F.3d at 225–26.

The second step—final certification—is more rigorous and places the burden on the named plaintiffs to "'show[ ] that the opt-in plaintiffs are "similarly situated" to them for FLSA purposes.'" Karlo, 849 F.3d at 85 (quoting Halle, 842 F.3d at 226).

## IV. ANALYSIS

In light of the Court's view that managing an FLSA collective action in this case would be complex, unwieldy, and a potential inefficient use of judicial resources, the Court suggested at an unrecorded telephone conference on March 10, 2025, that Plaintiff file a Rule 23 Motion to certify an opt-out class action in lieu of the instant motion for conditional certification. Immediately following the status conference, the Court issued a Scheduling Order requiring defense counsel to advise the Court how long Plaintiff's counsel needs to file a Rule 23 motion. ECF 102.

On March 14, 2025, Defendant's counsel sent a letter by email to the Court, with the consent of Plaintiff's counsel, to report that: (a) the parties are scheduled to attend a settlement conference with Magistrate Judge Arteaga on June 24, 2025, (b) the parties request that the Court stay dispositive motion briefing deadlines until the completion of the settlement conference, and (c) to advise the Court of the parties' position that an FLSA case cannot be brought as a class action under Rule 23.

The Court has reviewed the authorities cited in defense counsel's letter and agrees that the Court is unable to certify a Rule 23 opt-out class on Plaintiff's FLSA claim.[1]  De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003); see also Knepper v. Rite Aid Corp., 675 F.3d 249, 257 (3d Cir. 2012).  The FLSA provides a mechanism for a collective action in which putative collective class members must give "consent in writing to become [ ] a party[.]"  29 U.S.C. § 216(b).

### 1. The Court Will Conditionally Certify The Proposed Collective Class

Only the first step of the certification analysis—conditional certification—is at issue here.  Accordingly, at this stage, Plaintiff needs only to make a "modest showing of similarity" to attain conditional certification.  See Newsome v. City of Philadelphia, 2022 WL 15525753, at *2 (E.D. Pa. Oct. 26, 2022) (Baylson, J.).  The Court is satisfied that Plaintiff has met her modest burden.

Plaintiff contends that all proposed collective class members—including territorial sales representatives, sales representatives, branch managers, senior branch managers, and assistant area managers—are "similarly situated in terms of the job titles, duties, and compensation" notwithstanding their differing job titles, and that they all were improperly denied overtime compensation due to "Defendant's nationwide, corporate policy of misclassifying its Associates" as exempt from the FLSA overtime provisions.  ECF 46-1 at 3–4.  In support of her contentions, Plaintiff not only submitted her own affidavit, but also provided corroborating affidavits of colleagues who worked at separate locations.  These affidavits from ten different employees in the Defendant company collectively attest that the employees worked more than 40 hours a week, they were each classified as overtime-exempt under the FLSA, they each performed the same essential

---

[1] The Third Circuit does permit, however, hybrid cases – an FLSA collective action and a Rule 23 class on the state law claim.

job functions, and had no managerial responsibilities or duties.[2] ECF 46-1 at 6–10; ECF 46-2, ECF 46-3, ECF 46-4, ECF 46-5; ECF 82-2.

This evidence fulfills Plaintiff's burden at the conditional certification stage. See Jordan v. Meridian Bank, No. 17-5251, 2019 WL 1255067, at *3 (E.D. Pa. Mar. 19, 2019) (Padova, J.) (noting that the lenient conditional certification standard just requires "some evidence beyond mere speculation that the defendant's policy affected other employees" (internal quotation marks omitted)). Despite this conditional certification, the Court may still decertify the class should a lack of similarly situated plaintiffs be apparent at the second stage of certification. Zavala, 691 F.3d at 538 (affirming district court's decision to decertify after certification discovery revealed "significant differences in the factual and employment settings of the individual claimants").

### 2. The Court Will Stay Notice And The Statute Of Limitations Requests

While the Court will grant the intermediate step of conditional certification of the proposed collective class, the Court will not approve notice to be sent to putative collective class members at this juncture. The parties are scheduled to participate in a meaningful settlement conference with Magistrate Judge Arteaga on June 24, 2025. ECF 104. The parties in their March 14, 2025 letter have asked the Court to stay dispositive motion briefing deadlines in this case pending completion of the settlement conference, which the Court will also grant, "so the parties can efficiently devote their time and resources to ensuring a productive settlement conference." The Court finds that for those same reasons, notice should be stayed. The time and expense of identifying many putative collective action members and distributing nationwide notice pending the settlement conference would be a waste of resources.

---

[2] Plaintiff attached an additional six affidavits on reply. See ECF 82-2.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED IN PART**. The Court will conditionally certify the collective class but will **STAY** all notice-related relief and Plaintiff's request to toll the statute of limitations.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-1447 Steahle v Cargroup\24cv1447 Memo re Conditional Certification.docx