IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEGAN STEAHLE**, on behalf of herself and all others similarly situated,<br><br>v.<br><br>**CARGROUP HOLDINGS, LLC** | **CIVIL ACTION**<br><br><br>**NO. 24-1447** |

MEMORANDUM

**Baylson, J.**                                                                   **November 25, 2025**

## I. INTRODUCTION

This action was brought by Plaintiff Megan Steahle ("Plaintiff"), on behalf of herself and all others similarly situated, against Defendant CarGroup Holdings, LLC ("Defendant") for alleged overtime violations of the FLSA, 29 U.S.C. § 201 *et seq* (Count I). Plaintiff also alleged a Fed. R. Civ. P. 23 ("Rule 23") class action claiming violation of wage provisions under Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq* (Count II). Following a settlement conference with Magistrate Judge Arteaga, the Parties settled both Counts. ECF 115. Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF 120) for Counts I and II, which was later amended on October 24, 2025 (ECF 129). For the following reasons, the Court cannot preliminarily approve the proposed revised Settlement (ECF 129-1), and the Unopposed Motion for Preliminary Approval of Revised Class Action Settlement (ECF 129) is **DENIED without prejudice**.

## II. FACTUAL AND PROCEDURAL HISTORY

On November 21, 2024, Plaintiff filed a Motion for FLSA Conditional Certification and Notice to the Putative Collective, which was fully briefed in January 2025. ECF 46, 67, 82, 92,

1

93. On March 21, 2025, this Court granted in part Plaintiff's Motion, conditionally certifying the proposed nationwide collective claim. ECF 109.

On February 24, 2025, Plaintiff filed a Motion for Partial Summary Judgment. ECF 94. Shortly thereafter, the Parties agreed to mediate this matter. ECF 109. The Parties stayed summary judgment briefing, as well as notice to the putative collective class. Id. On June 24, 2025, the Parties agreed to a proposed settlement. On August 29, 2025, Plaintiff filed the initial Unopposed Motion for Preliminary Approval of the Settlement, asking the Court to preliminarily approve the Settlement. ECF 120. Pursuant to the Court's September 15, 2025, Order (ECF 121), Plaintiff filed a Second Amended Complaint on September 22, 2025 (ECF 122) that included the state law class claims for overtime wages.

On October 6, 2025, the Court ordered the Parties to "clarify in detail how the proposed settlement proceeds will be allocated under the FLSA collective action claims with opt-in plaintiffs, separately from the state law class claims with persons who can 'opt-out' pursuant to Rule 23." ECF 123. Following the Parties' correspondence to the Court, which stated that the Parties would proceed solely on an "opt-out" basis, the Court ordered the Parties to file a motion if the Parties wanted to file an updated settlement agreement. ECF 125. The Court amended this Order on October 17, 2025 (ECF 126), requiring the Parties to take into consideration the Third Circuit's recent precedential opinion in Lundeen v. 10 W. Ferry St. Operations LLC, 156 F.4th 332 (3d Cir. Oct. 16, 2025), which held the FLSA's opt-in requirement in § 216(b) does not forbid the release of unasserted FLSA claims in an opt-out Rule 23 class action settlement.

Plaintiff filed a Consent Motion for Leave to File an Amended Motion for Preliminary Approval of the Settlement on October 17, 2025. ECF 127. That same day, the Court granted that Motion, which mooted Plaintiff's initial Unopposed Motion for Preliminary Approval of Class

Action Settlement (ECF 120).  Plaintiff filed the instant Unopposed Motion for Preliminary Approval of Revised Class Action Settlement on October 24, 2025.  ECF 129.

### III. PROPOSED SETTLEMENT

The terms of the proposed revised Settlement are below.  ECF 129-1.

#### A. Settlement Class

The Settlement Class is: All persons who worked as Territorial Sales Representatives, Branch Managers, Senior Branch Managers, Assistant Area Managers, and Mobile Sales Representatives for CarGroup Holdings, LLC, d/b/a www.WeBuyAnyCar.com, including any persons who performed the same job duties as any of these positions under a different title, at any time from April 8, 2021, through December 31, 2024, or for those employed in the State of New Jersey at any time from August 6, 2019 through December 31, 2024, or for those employed in the State of Kentucky at any time from April 8, 2019 through December 31, 2024.

The class is comprised of 786 "unique" employees, covering 22 states.

#### B. Settlement Benefits

The Settlement will create a $8,500,000 non-reversionary Total Settlement Fund to pay Class Members their pro-rata share of the Net Settlement Amount, after payment of attorneys' fees and costs approved by the Court, and Service Awards for Plaintiff Steahle and Plaintiff Deponents. This represents a recovery of nearly three (3) hours of overtime per workweek for each Class Member during their employment within the applicable statute of limitations period.  Class Counsel estimates that, assuming there are 700 Class Members, each Class Member will receive an average payment of $7,000 to $8,000 after fees, costs, and Service Awards.

Defendant agreed to assume the costs of settlement administration.

C. <u>Second Amended Complaint</u>

The Parties are proceeding with a hybrid case consisting of FLSA collective action claims and a Rule 23 class on the state law claims. However, the Parties state they are proceeding solely on an "Opt-Out" basis. An "opt-out" procedure is only available in a Rule 23(c) class action and is not available in a FLSA collective action. Pursuant to this Court's September 15, 2025 Order (ECF 121), Plaintiff filed a Second Amended Complaint on September 22, 2025 (ECF 122) that alleged a FLSA claim, as stated above, along with state law class claims for overtime wages under the laws of the states of Alabama, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Minnesota, Mississippi, New Jersey, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, and Wisconsin.

For settlement purposes only, Defendant consented to Plaintiff Steahle serving as the named plaintiff for such state law class claims. No additional named plaintiffs will be added.

D. <u>Proposed Notice Program, Settlement Structure, and Release</u>

The proposed notice program is attached as Appendix A.

In addition, Plaintiff Steahle will provide Defendant with a complete and general release of all claims, separate from and in addition to the Settlement Class's Release of Claims.

E. <u>Service Awards</u>

For their efforts in prosecuting this matter, a $10,000 Service Award will be given to Plaintiff Steahle and $1,000 Service Awards will be given to Plaintiff Deponents Glass, Fogarty, and Dennis.

F. <u>Attorney's Fees and Costs</u>

Class Counsel proposes an attorneys' fee award of up to 33% of the Total Settlement Amount. Class Counsel also intends to seek reimbursement of litigation costs and expenses, which

will be paid out of the Settlement Fund. The Settlement is not conditioned upon the Court's award of any attorneys' fees or expenses.

## IV. LEGAL STANDARD

The Court's inquiry at the preliminary approval stage is focused on whether a proposed settlement is fair and likely to be approved. See In re Baby Prods. Antitrust Litig., 708 F.3d 163, 173–74 (3d Cir. 2013) ("The role of a district court is not to determine whether the settlement is the fairest possible resolution. … The Court must determine whether the compromises reflected in the settlement … are fair, reasonable, and adequate when considered from the perspective of the class as a whole."). A presumption of fairness attaches to a proposed settlement if "(1) the negotiations occurred at arm's-length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." Cantave v. Saint Joseph's Univ., No. CV 23-3181, 2024 WL 4829718, at *1 (E.D. Pa. Nov. 19, 2024) (Baylson, J.) (citing In re Nat'l Football League Players Concussion Injury Litig., 821 F.3d 410, 436 (3d Cir. 2016)). However, "preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." In re Nat'l Football League Players' Concussion Inj. Litig., 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014) (Brody, J.).

Rule 23(e)(1)(B) provides certain requirements that must be satisfied before the Court grants preliminary approval. Ward v. Flagship Credit Acceptance LLC, No. CV 17-2069, 2020 WL 759389, at *4 (E.D. Pa. Feb. 13, 2020) (Baylson, J). Specifically, the Court "'will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.'" Id. (quoting Fed. R. Civ. P. 23(e)(1)(B)). Rule 23(e)(2) requires the Court to consider whether (1) the class was adequately represented; (2) the settlement was negotiated at arm's length; (3) the relief is adequate, taking into account the costs, risks, and delay of trial and appeal; how the relief will be distributed; the terms governing attorneys' fees; and any

side agreements; and (4) whether class members are treated equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

**V.    DISCUSSION**

In considering the proposed revised Settlement under Count I (FLSA) and Count II (state law claims), the Court has considered:

1. Proposed Settlement Agreement in Lundeen (No. 24-CV-109, ECF 26-1)

2. Proposed Settlement Agreement in Steahle (ECF 129-2)

3. Lundeen v. 10 W. Ferry St. Operations LLC, No. 2:24-CV-00109-JDW, 2024 WL 4466678 (E.D. Pa. Oct. 9, 2024) (Wolson, J.) – Memorandum Regarding Preliminary Approval

4. Lundeen v. 10 W. Ferry St. Operations LLC, No. 2:24-CV-00109-JDW, 2024 WL 6882858 (E.D. Pa. Oct. 30, 2024) (Wolson, J.) – Order Denying Reconsideration and Granting Motion to Certify Appeal

5. Lundeen v. 10 W. Ferry St. Operations LLC, 156 F.4th 332 (3d Cir. 2025) – Vacating and Remanding

The Court cannot preliminarily approve the proposed revised Settlement under Rule 23(e)(2) because the Court finds that factor (3)—whether the relief is adequate—is not met. The proposed revised Settlement (1) is impermissibly proceeding solely on an opt-out basis and does not provide for an opt-in procedure under the FLSA; (2) does not address how the Settlement proceeds will be split between the FLSA claims and the state law class action claims; and (3) despite Plaintiff's assertions (see ECF 129-1 at 19–20), is not in accordance with Lundeen.

**1. Opt-Out Procedure**

Plaintiff states the proposed revised Settlement, which involves the release of both FLSA and state law class action claims, is proceeding solely on an "Opt-Out" basis. See ECF 129-1 at 6. Proceeding solely on an opt-out basis for a hybrid action involving both FLSA and state law class action claims is impermissible, as it circumvents the FLSA's purpose. See, e.g., 29 U.S.C. §

216(b) (requiring employees to opt-in by giving consent in writing); Fed. R. Civ. P. 23 (requiring an opt-out process for class action claims); Lundeen, 156 F.4th at 338 ("Courts have therefore recognized that 'FLSA claims cannot be asserted using an opt out class action procedure.'") (citations omitted); see also Vasquez v. A+ Staffing LLC, 746 F. Supp. 3d 26, 44–45, 60–64 (E.D.N.Y. 2024) (refusing to approve proposed settlement for hybrid FLSA and Rule 23 class action because the settlement violated the FLSA's opt-in requirement by providing that any class member who did not opt out of the class and cashed the check would automatically opt in to the collective action, consent to the settlement, and release defendants from FLSA claims). In this case, the Settlement does not provide for an opt-in procedure, as required under the FLSA.

In Knepper v. Rite Aid Corp., the Third Circuit explicitly held that "the plain language of [§ 216(b)] bars opt-out class actions to enforce the provisions of the FLSA." 675 F.3d 249, 257 (3d Cir. 2012) (collecting cases). In discussing the history and plain text of § 216(b), the Third Circuit rejected the concept of "inherent incompatibility" between Rule 23 class actions and the FLSA's opt-in procedure. Id. at 253–59; see also Lundeen, 156 F.4th at 339. The Third Circuit further endorsed the use of "hybrid" actions, where a FLSA collective action and a Rule 23 class action proceed together in the same case. Knepper, 675 F.3d at 258, 261–62.

Here, the proposed revised Settlement and Release is proceeding solely on an opt-out basis and does not provide for an opt-in procedure. See ECF 129-1 at 6; ECF 129-2. This is not permitted under the FLSA and, as discussed *infra*, is also not in accordance with Lundeen. Accordingly, the Court cannot preliminarily approve the Settlement.

   **2. Settlement Proceeds**

Furthermore, the Court cannot preliminarily approve the proposed revised Settlement because the Settlement does not address how the Settlement proceeds would be split between the FLSA claims and the state law class action claims, as Ordered by the Court on October 6, 2025.

7

See ECF 123; ECF 129-1.  In Lundeen, the Third Circuit noted the proposed settlement would split the proceeds between all class members who had not opted out without requiring those class members to submit a claim form, and a separate additional pool of money was established for the individuals who had previously opted into the FLSA collective action.  156 F.4th at 336.

Therefore, for the Court to preliminarily approve the Settlement, the Settlement must address how the Settlement proceeds would be split between the FLSA claims and the state law class action claims.  The Settlement must also include separate provisions for an opt-in procedure under the FLSA and an opt-out procedure under Rule 23.

### 3. Lundeen v. 10 W. Ferry St. Operations LLC

Finally, the Court cannot approve the proposed revised Settlement because it is not in accordance with Lundeen.  Plaintiff states that in Lundeen, "the Third Circuit ruled that FLSA claims may be released through a Rule 23(b)(3) opt-out settlement, so long as the settlement is fair, reasonable, and adequate."  ECF 129-1 at 19.  However, this is not an accurate depiction of the Third Circuit's holding.

In Lundeen, the Parties settled for $100,000.00, which, after payment of attorney's fees and service awards, provided approximately $60,000.00 to be split among the Rule 23 class members, and a separate $5,000.00 to be split among the 10 employees who had previously opted in to the FLSA collective action. See Exhibit A to Proposed Settlement Agreement in Lundeen (No. 24-CV-109, ECF 26-1).  In exchange, those who accepted payment for the FLSA claims and/or the Rule 23 class claims would release and discharge the employer of all claims asserted in or related to the action, including claims under the FLSA and Pennsylvania wage laws. See Exhibit B to Proposed Settlement Agreement in Lundeen (No. 24-CV-109, ECF 26-1).  If an employee opted out of the settlement, then that employee would not release any claims.  However, Judge

8

Wolson declined to preliminarily approve the settlement, finding that the settlement was unfair because it required all employees who did not opt out—including those who did not opt in to the FLSA collective—to release their FLSA claims. Lundeen, 2024 WL 4466678, at *2 (E.D. Pa. Oct. 9, 2024).

On appeal, the Third Circuit held that the FLSA's opt-in requirement in § 216(b) does not forbid the release of "unasserted" FLSA claims as part of an opt-out Rule 23 class action settlement.[1] Lundeen, 156 F.4th at 334–35. In other words, employees who did not opt in to the FLSA collective action (but had the opportunity to) and did not opt out of the Rule 23 class action may waive the right to assert FLSA claims related to the action in the future. Id. at 336 n.4, 338–39. Moreover, the settlement must still be "fair, reasonable, and adequate." Id. at 341.[2]

Here, the proposed revised Settlement does not match the one in Lundeen, and the settlement terms are confusing and unclear.[3] In the instant case, the plain text of the Release matches the one in Lundeen, as it states that employees who do not opt-out of the settlement will release FLSA claims and state law wage claims, and thus waive the right to assert such claims in the future. See Exhibit 1 to Proposed Settlement Agreement in Steahle (ECF 129-2). Therefore, employees who did not opt in to the FLSA collective action and did not opt out of the Rule 23 class action waive the right to assert FLSA claims in the future. On its face, the Release is in accordance with Lundeen. However, in practice, the proposed revised Settlement is confusing and unclear as to whether certain employees have released FLSA claims.

---

[1] The Third Circuit uses the term "unasserted" to describe the FLSA claims in Lundeen. The Court notes the term "unasserted" is ambiguous. The FLSA claims are likely considered "unasserted" because the employee had the opportunity to raise these claims by opting in, and did not do so.
[2] For reference, attached as Appendix B is a chart that outlines the different options for employees in Lundeen and the payment result for each option.
[3] For reference, attached as Appendix C is a chart that outlines the different options for employees in the instant case and the likely payment result for each option.

9

For example, for employees who "Do Nothing" and for employees who do not opt-out of the Settlement, it is unclear whether those employees waive the right to bring FLSA claims in the future because the employee did not previously opt in to the FLSA collective action, but the employee also did not have an opportunity to opt in and assert such claims. See Appendix C, "Employee Does Nothing" and "Employee Does Not Opt-Out of the Settlement." Moreover, the Settlement states that employees who want to preserve potential FLSA claims must opt out, which is confusing and may be misleading to employees who have already opted in to the FLSA collective action. See Exhibit 1 to the Proposed Settlement Agreement in Steahle (ECF 129-2).

Under the proposed revised Settlement and Release, it seems that the default is that employees have not opted in to the FLSA collective action and thus would waive the right to assert FLSA claims in the future. But it is unclear as to which claims employees knowingly released, as some employees may not have had the opportunity to opt in to the FLSA collective action. Furthermore, the Settlement does not delineate the amount of funds for the FLSA collective action versus the Rule 23 class action, and which claims employees would receive payment for. Therefore, it is also unclear whether employees would receive a settlement payment for both the FLSA claim and the Rule 23 class action, or just for the Rule 23 class action.

Accordingly, the Court cannot preliminarily approve the proposed revised Settlement. The Settlement must be revised to make clear what options the employee has and what claims would be paid and/or waived depending on what action(s) each employee takes.[4]

---

[4] Recently, the undersigned proposed a new Federal Rule of Civil Procedure to the Rules Committee for "Collective Actions." The Proposed Rule would preserve the FLSA's opt-in procedure. In a hybrid case asserting both FLSA claims and class action claims under Fed. R. Civ. P. 23, the settlement must cover both types of claims.

## VI. CONCLUSION

For the foregoing reasons, the Court cannot approve the proposed revised Settlement (ECF 129-1), and Plaintiff's Unopposed Motion for Preliminary Approval of Revised Class Action Settlement (ECF 129) is **DENIED without prejudice.** The Parties shall have 21 days to revise the proposed Settlement to address the Court's concerns. Furthermore, within 21 days, Plaintiff's Counsel shall submit to the Court a statement of hours worked on this case, along with a description of the work done.

An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-1447 Steahle v Cargroup\24-1447 Memo re Revised Settlement.docx

# APPENDIX A

The notice program for the proposed revised Settlement (ECF 129-1) is as follows:

1. Within twenty (20) calendar days after the filing of the Revised Motion for Preliminary Approval, Defendant will provide to the Settlement Administrator the names, last known addresses, last known telephone numbers, and the last four digits of the Social Security Numbers of the Class Members who worked at any time from the applicable statute of limitations period through December 31, 2024.

2. Within ten (10) calendar days of this Court's Preliminary Approval of the Settlement, the Administrator shall, to the extent practicable, consult the National Change of Address Registry, update any addresses, and mail to all Class Members, by first-class U.S. mail, the Notice Form and Opt-Out Form.

3. Within ten (10) calendar days after the Administrator sends Notice to the Class Members, Defendant will send a mutually agreeable email message to all currently employed Class Members at their company email address, advising them of the settlement and providing the Administrator's contact information. For Class Members who are no longer employed by Defendant, Defendant will send the same email to their last known personal email address.

4. The Administrator shall provide the Parties with a weekly update of the number of any Consent to Join (Opt-In) Forms,[5] Opt-Out Forms, and/or objections received.

5. The settlement check shall include the following release on the back of the check:

> By signing and cashing or otherwise negotiating this check I release all federal (including those under the Fair Labor Standards Act), state, and local claims or causes of action for alleged wages owed for time worked that I have against the Released Parties arising out of or relating to facts asserted in the lawsuit styled *Megan Steahle v. CarGroup Holdings, LLC, d/b/a www.WeBuyAnyCar.com*, (Case No.2:24-cv-01447-MMB), pending in the U.S. District Court for the Eastern District of Pennsylvania, in accordance with the Settlement Agreement approved by the Court.

---

[5] The Parties state they will be tracking the Opt-In Forms, but this appears to be a scrivener's error from the initial Unopposed Motion for Preliminary Approval of the Class Action Settlement. See ECF 120.

6. Class Members who wish to object to the Settlement must not opt out of the Settlement and must serve on the Administrator, within sixty (60) calendar days after the date that the Administrator first mails the Notice Packets ("Objection Deadline"), a written statement objecting to the Settlement and the grounds for the objection. This statement must also indicate whether the Class Member intends to appear and object to the Settlement at the Final Approval Hearing. Failure to do so will constitute a waiver of the right to appear at the hearing, subject to the Court's rulings and procedures.

7. A Class Member who does not submit an objection in the manner and by the deadline specified above shall have waived all objections and will be foreclosed from making any objection to the Settlement, by appeal or otherwise, absent a contrary order of the Court.

8. Class Members who wish to opt out of the Settlement must submit to the Administrator an Opt-Out Form requesting that he or she be excluded from the Settlement Class, within sixty (60) calendar days after the date that the Administrator first mails the Notice Packets ("Opt-Out Deadline"). Opt-Out Forms may be submitted to the Administrator via U.S. Mail, email, or fax, and must be postmarked or received by the Administrator by the Opt-Out Deadline. Persons who submit Opt-Out Forms shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement. Class Members who submit a valid and timely Opt-Out Form shall not participate in, or be bound by, the Settlement or the Judgment in any respect.

9. All Class Members who do not submit a timely Opt-Out Form shall be bound by the terms of the Settlement, including the applicable release. Indeed, the proposed Notice of Class/Collective Action Settlement (see ECF 129-2), states:

> As discussed herein, if you do not opt-out of the settlement, you will release federal law claims under the Fair Labor Standards Act ("FLSA"), as well as the wage and hour laws

of the states of Alabama, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Minnesota, Mississippi, Missouri, New Jersey, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, and Wisconsin. Consequently, you would not be able to bring claims for the Class Period at a later time.

You should be aware that federal claims under the FLSA are limited to a two- or three-year statute of limitations. If you wish to preserve potential FLSA claims under federal law, you must timely submit the attached Opt-Out Form in accordance with Section 8 above.

10. If a settlement payment check envelope is returned as undeliverable, the Administrator will take all commercially reasonable steps necessary to locate an updated mailing address for that Class Member, including but not limited to, enhanced skip tracing methods, calling and/or emailing the individual. If the Administrator can obtain an updated address, the Administrator will forward payment to the updated address.

11. The funds for any uncashed checks will remain with the Administrator for one (1) year following the final approval of the Settlement to be paid to Class Members who request payment of their uncashed check. After one (1) year, the Administrator will deliver any remaining funds to the Center for Autism Research at the Children's Hospital of Philadelphia.

**APPENDIX B**

**Lundeen – Employee Options from Settlement**

| Option | Payment Result |
|---|---|
| Employee Opts-In to FLSA Collective and Does Not Opt-Out of Rule 23 Class Action | Employee receives payment for both FLSA and for Rule 23 class claims. The payment is the employee's *pro rata* share of approximately $60,000.00 to be split among the Rule 23 class members, and a separate $5,000.00 for the FLSA claims.<br><br>Per the release, employee releases and discharges any claims arising out of and/or related to the action, including FLSA and Pennsylvania wage laws. |
| Employee Does Not Opt-In to FLSA Collective and Does Not Opt-Out of Rule 23 Class Action | Employee receives payment for only Rule 23 class claims. Employee does not receive payment for FLSA claims because employee did not opt-in. The payment is the employee's *pro rata* share of approximately $60,000.00 to be split among the Rule 23 class members.<br><br>Per the release, employee releases and discharges any claims arising out of and/or related to the action, including FLSA and Pennsylvania wage laws. Therefore, employee waives the future right to assert any FLSA claims that could have been raised but were not (*i.e.*, FLSA claims for which the employee could have opted in but did not).[6] |
| Employee Does Not Opt-In to FLSA Collective and Opts-Out of Rule 23 Class Action | Employee does not receive payment for the FLSA claims or the Rule 23 class claims.<br><br>Employee does not sign the release and therefore does not discharge any claims arising out of and/or related to the action, including FLSA and Pennsylvania wage laws. Accordingly, as to these employees who "opted out" pursuant to Rule 23, they do not waive the right to assert any FLSA claims and Pennsylvania wage law claims, since these employees did not opt-in to the FLSA collective action and opted out of the Rule 23 class action. |

---

[6] This situation was the one at issue in Lundeen. The Third Circuit held this was acceptable, as the FLSA's opt-in requirement in § 216(b) does not forbid the release of unasserted FLSA claims as part of an opt-out Rule 23 class settlement. Lundeen, 156 F.4th at 334–35. In other words, employees who do not opt in to the FLSA collective action but have not opted out to the Rule 23 class action may release their FLSA claims and waive the right to assert such claims in the future.

1

**APPENDIX C**

**Steahle – Employee Options from Settlement**

| Option | Payment Result |
|---|---|
| Employee Does Nothing (*i.e.*, employee does not opt-in and does not opt-out of the Settlement) | Employee receives payment for the Rule 23 state law class claims. The Settlement does not delineate the amount of funds for the FLSA collective versus the Rule 23 class, and which claims the employee would receive payment for. |
| | Per the release, employee releases and discharges any claims arising out of and/or related to the action, including FLSA and state wage laws. Therefore, employee waives the right to assert any FLSA claims that could have been raised but were not (*i.e.*, FLSA claims for which the employee could have opted in but did not). The employee would waive the right to bring FLSA claims in the future because the employee did not previously opt in to the FLSA collective, but the employee did not have an opportunity to choose whether to opt in to the FLSA collective and assert such claims. Overall, it is unclear. |
| Employee Previously Opted In and Does Not Opt-Out of the Settlement | Employee receives payment on both claims, but the amount is not clear. The Settlement does not delineate the amount of funds for the FLSA collective versus the Rule 23 class, and which claims the employee would receive payment for. |
| | Per the release, employee releases and discharges any claims arising out of and/or related to the action, including FLSA and state wage laws. The employee receives payment for both FLSA and Rule 23 class claims and waives the right to assert any claims related to the action in the future, but this is unclear. |

| Employee Does Not Opt-Out of the Settlement[7] | Employee receives payment for the Rule 23 state law class claims. The Settlement does not delineate the amount of funds for the FLSA collective versus the Rule 23 class, and which claims the employee would receive payment for. |
|---|---|
| | Per the release, employee releases and discharges any claims arising out of and/or related to the action, including FLSA and state wage laws. Therefore, employee waives the future right to assert any FLSA claims that could have been raised but were not (*i.e.*, FLSA claims for which the employee could have opted in but did not). The employee would waive the right to bring FLSA claims in the future because the employee did not previously opt in to the FLSA collective, but the employee did not have an opportunity to choose whether to opt in to the FLSA collective and assert such claims. Overall, it is unclear. |
| Employee Opts-Out of the Settlement | Employee does not receive payment for the FLSA claims or the Rule 23 class claims. |
| | Employee does not sign the release and therefore does not discharge any claims arising out of and/or related to the action, including FLSA and state wage laws. Accordingly, as to these employees who "opted out" pursuant to Rule 23, they do not waive the right to assert any FLSA claims and state wage law claims, since these employees did not opt-in to the FLSA collective action and opted out of the Rule 23 class action. |

---

[7] This option is not outlined in the Steahle proposed Settlement, as the Settlement only gives the option to "Do Nothing" or "Opt-Out." Presumably, by "Do[ing] Nothing," the employee does not opt-out of the Rule 23 class action, but the Settlement also does not explicitly give the employee the opportunity to affirmatively opt in to the FLSA collective. Therefore, it is unclear as to whether employees knowingly released FLSA claims, as the employees did not have the opportunity to choose whether to opt in to the FLSA collective.