IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEGAN STEAHLE**, on behalf of herself and all others similarly situated,<br><br>v.<br><br>**CARGROUP HOLDINGS, LLC** | **CIVIL ACTION**<br><br><br>**NO. 24-1447** |

MEMORANDUM

**Baylson, J.**                                                                                          **January 7, 2026**

## I.  INTRODUCTION

This action was brought by Plaintiff Megan Steahle ("Plaintiff"), on behalf of herself and all others similarly situated, against Defendant CarGroup Holdings, LLC ("Defendant") for alleged overtime violations of the FLSA, 29 U.S.C. § 201 *et seq* (Count I).  Plaintiff also alleged a Fed. R. Civ. P. 23 ("Rule 23") class action claiming violation of wage provisions under Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq* (Count II).  Following a settlement conference with Magistrate Judge Arteaga, the Parties settled both Counts.  ECF 115.  Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF 120) for Counts I and II, which was later amended (ECF 129).  The Court denied without prejudice the Unopposed Motion for Preliminary Approval of Revised Class Action Settlement (ECF 129) and ordered the Parties to revise the Settlement to address the Court's concerns.  See ECF 130; ECF 131.

On December 19, 2025, Plaintiff filed a Second Revised Class Action Settlement.  ECF 134.  For the following reasons, the Court will preliminarily **APPROVE** the proposed Second Revised Settlement, and the Unopposed Motion for Preliminary Approval of Second Revised Class Action Settlement (ECF 134) is **GRANTED**.

1

## II.     FACTUAL AND PROCEDURAL HISTORY

On November 21, 2024, Plaintiff filed a Motion for FLSA Conditional Certification and Notice to the Putative Collective, which was fully briefed in January 2025. ECF 46, 67, 82, 92, 93. On March 21, 2025, this Court granted in part Plaintiff's Motion, conditionally certifying the proposed nationwide collective claim. ECF 109.

On February 24, 2025, Plaintiff filed a Motion for Partial Summary Judgment. ECF 94. Shortly thereafter, the Parties agreed to mediate this matter. ECF 109. The Parties stayed summary judgment briefing, as well as notice to the putative collective class. Id. On June 24, 2025, the Parties agreed to a proposed settlement. On August 29, 2025, Plaintiff filed the initial Unopposed Motion for Preliminary Approval of the Settlement, asking the Court to preliminarily approve the Settlement. ECF 120. Pursuant to the Court's September 15, 2025, Order (ECF 121), Plaintiff filed a Second Amended Complaint on September 22, 2025 (ECF 122) that included the state law class claims for overtime wages.

On October 6, 2025, the Court ordered the Parties to "clarify in detail how the proposed settlement proceeds will be allocated under the FLSA collective action claims with opt-in plaintiffs, separately from the state law class claims with persons who can 'opt-out' pursuant to Rule 23." ECF 123. Following the Parties' correspondence to the Court, which stated that the Parties would proceed solely on an "opt-out" basis, the Court ordered the Parties to file a motion if the Parties wanted to file an updated settlement agreement. ECF 125. The Court amended this Order on October 17, 2025 (ECF 126), requiring the Parties to take into consideration the Third Circuit's recent precedential opinion in Lundeen v. 10 W. Ferry St. Operations LLC, 156 F.4th 332 (3d Cir. Oct. 16, 2025), which held the FLSA's opt-in requirement in § 216(b) does not forbid the release of unasserted FLSA claims in an opt-out Rule 23 class action settlement.

Plaintiff filed a Consent Motion for Leave to File an Amended Motion for Preliminary Approval of the Settlement on October 17, 2025. ECF 127. That same day, the Court granted that Motion, which mooted Plaintiff's initial Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF 120). See ECF 128. On October 24, 2025, Plaintiff filed an Unopposed Motion for Preliminary Approval of Revised Class Action Settlement. ECF 129. On November 25, 2025, the Court denied without prejudice the Unopposed Motion for Preliminary Approval of Revised Class Action Settlement (ECF 129), finding the proposed revised Settlement was (1) impermissibly proceeding solely on an opt-out basis and did not provide for an opt-in procedure under the FLSA; (2) did not address how the Settlement proceeds will be split between the FLSA claims and the state law class action claims; and (3) despite Plaintiff's assertions, was not in accordance with Lundeen. See ECF 130; ECF 131. The Court ordered the Parties to revise the Settlement to address the Court's concerns. See ECF 130; ECF 131. On December 19, 2025, Plaintiff filed the instant Unopposed Motion for Preliminary Approval of the Second Revised Class Action Settlement. ECF 134.

### III. PROPOSED SETTLEMENT

The terms of the proposed Second Revised Settlement are below. See ECF 134-1.

A. Settlement Class

The Settlement Class is: All persons who worked as Territorial Sales Representatives, Branch Managers, Senior Branch Managers, Assistant Area Managers, and Mobile Sales Representatives for CarGroup Holdings, LLC, d/b/a www.WeBuyAnyCar.com, including any persons who performed the same job duties as any of these positions under a different title, at any time from April 8, 2021, through December 31, 2024, or for those employed in the State of New Jersey at any time from August 6, 2019 through December 31, 2024, or for those employed in the State of Kentucky at any time from April 8, 2019 through December 31, 2024.

The class is comprised of 786 unique employees, covering 22 states.

B. <u>Settlement Benefits</u>

The Settlement will create a $8,500,000.00 non-reversionary Total Settlement Fund to pay Class Members their pro-rata shares of the Net Settlement Amount for their Rule 23 state law class claims. See ECF 134-2, ¶ 31. The Settlement also contains an opt-in procedure, allowing Class Members to assert their FLSA claims by opting into the FLSA collective action during the sixty-day Notice Period if they have not already done so. Id. ¶ 54. A portion ($200,000.00) of the $8,500,000.00 Total Settlement Fund will be allocated to a FLSA Collective Settlement Fund to pay Opt-In Plaintiffs pro-rata shares for their FLSA claims. Id. ¶ 15.

This represents a recovery of nearly three (3) hours of overtime per workweek for each Class Member. Class Counsel estimates that if there are 700 Class Members, each Class Member will receive an average payment of $7,000 to $8,000 after fees, costs, and Service Awards. Defendant agreed to assume the costs of settlement administration.

C. <u>Second Amended Complaint</u>

The Parties are proceeding with a hybrid action and on an Opt-Out basis. To effectuate this, Plaintiff filed a Second Amended Complaint that includes state class claims for overtime wages under the wage and hour laws of the states of Alabama, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Minnesota, Mississippi, New Jersey, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, and Wisconsin. See ECF 122. For settlement purposes only, Defendant consented to Plaintiff Steahle serving as the named plaintiff for such state law class claims. No additional named plaintiffs will be added.

D. <u>Proposed Notice Program, Settlement Structure, and Release</u>

The proposed notice program is attached as Appendix A.

In addition, Plaintiff Steahle will provide Defendant with a complete and general release of all claims, separate from and in addition to the Settlement Class's Release of Claims.

E. Service Awards

For their efforts, a $10,000 Service Award will be given to Plaintiff Steahle and $1,000 Service Awards will be given to Plaintiff Deponents Glass, Fogarty, and Dennis.

F. Attorney's Fees and Costs

Class Counsel proposes an attorneys' fee award of up to 33% of the Total Settlement Amount. Class Counsel also intends to seek reimbursement of litigation costs and expenses, which will be paid out of the Settlement Fund. The Settlement is not conditioned upon the Court's award of any attorneys' fees or expenses.

IV. **LEGAL STANDARD**

The Court's inquiry at the preliminary approval stage is focused on whether a proposed settlement is fair and likely to be approved. See In re Baby Prods. Antitrust Litig., 708 F.3d 163, 173–74 (3d Cir. 2013) ("The role of a district court is not to determine whether the settlement is the fairest possible resolution. … The Court must determine whether the compromises reflected in the settlement … are fair, reasonable, and adequate when considered from the perspective of the class as a whole."). A presumption of fairness attaches to a proposed settlement if "(1) the negotiations occurred at arm's-length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." Cantave v. Saint Joseph's Univ., No. CV 23-3181, 2024 WL 4829718, at *1 (E.D. Pa. Nov. 19, 2024) (Baylson, J.) (citing In re Nat'l Football League Players Concussion Injury Litig., 821 F.3d 410, 436 (3d Cir. 2016)). However, "preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." In re Nat'l Football League Players' Concussion Inj. Litig., 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014) (Brody, J.).

5

Rule 23(e)(1)(B) provides certain requirements that must be satisfied before the Court grants preliminary approval. Ward v. Flagship Credit Acceptance LLC, No. CV 17-2069, 2020 WL 759389, at *4 (E.D. Pa. Feb. 13, 2020) (Baylson, J.). Specifically, the Court "'will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.'" Id. (quoting Rule 23(e)(1)(B)). Rule 23(e)(2) requires the Court to consider whether (1) the class was adequately represented; (2) the settlement was negotiated at arm's length; (3) the relief is adequate, taking into account the costs, risks, and delay of trial and appeal; how the relief will be distributed; the terms governing attorneys' fees; and any side agreements; and (4) whether class members are treated equitably relative to each other.

## V.  DISCUSSION

The Court finds the Second Revised Settlement meets the requirements of Rule 23(e)(1)(B) and Rule 23(e)(2). Therefore, the Second Revised Settlement will be preliminarily **APPROVED**.

### 1. The Negotiations Occurred at Arm's Length

The Second Revised Settlement was negotiated at arm's length. The Settlement was achieved through a formal settlement conference with Magistrate Judge Arteaga. In re Viropharma Inc. Sec. Litig., 2016 WL 312108, at *8 (E.D. Pa. Jan. 25, 2016) (Jones II, J.) ("[P]articipation of an independent mediator … virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties.") (internal quotations omitted); Caddick v. Tasty Baking Co., 2021 WL 4989587, at *5 (E.D. Pa. 2021) (Wolson, J.) (same).

### 2. Sufficient Discovery

There was sufficient discovery, as the parties engaged in nationwide discovery over a period of several months and Plaintiff filed a Motion for Partial Summary Judgment (ECF 94).

### 3. Proponents of the Settlement are Experienced in Similar Litigation

The Class was adequately represented. Class Counsel has significant experience litigating these types of cases. Furthermore, Class Counsel represented Plaintiff during the formal settlement conference and has all the information necessary to evaluate the merits of the claims.

### 4. No Members of the Class Have Objected Yet

No members of the Class have had the opportunity to object yet because the Settlement has not been preliminarily approved. Plaintiff has noticed over 50 individuals who have opted in.

### 5. Rule 23(e)(1)(B) Requirements

The Court finds the requirements under Rule 23(e)(1)(B) are satisfied.

The Court has already conditionally certified the proposed national collective. ECF 109. The Settlement Class would meet the numerosity, commonality, typicality, and adequacy of representation requirements under Rule 23. Class Counsel estimates there are over 700 Class Members, who all share common legal and factual issues of whether they were misclassified as exempt from state and federal overtime laws and, as a result, whether Defendant failed to pay Class Members overtime. ECF 134-1 at 25–26. Class Counsel states that Plaintiff Steahle, like each Class Member, was in a customer-facing, Representative and/or Manager role that Defendant treated as exempt from state and federal overtime laws, paid a salary, and did not pay overtime. Id. at 26. There are no conflicts of interest between Plaintiff Steahle and other Class Members, and Plaintiff has been incentivized to maximize recovery for the Class. Id.

The Court further finds that each factor under Rule 23(e)(2) is met. As discussed, Class Counsel has adequately represented the Class, and the Second Revised Settlement was negotiated at arm's length.

The relief provided is generally adequate. The Second Revised Settlement will create a $8,500,000.00 non-reversionary Total Settlement Fund to pay Class Members their pro-rata shares

of the Net Settlement Amount for their Rule 23 state law class claims. See ECF 134-2, ¶ 31. The Second Revised Settlement carves out a separate $200,000.00 fund to pay Opt-In Plaintiffs additional pro-rata shares for their FLSA claims. Id. ¶ 54. Estimating a Class of 700 individuals, each Class Member will receive an average payment of $7,000 to $8,000. See ECF 134-1 at 15–16. The Second Revised Settlement creates a comprehensive and effective notice process for processing and paying out claims. Id. at 7–12; see also Appendix A. The costs and risks of trial and any eventual appeal are significant, considering that Plaintiff's Partial Motion for Summary Judgment is not yet fully briefed, Plaintiff may not win on summary judgment and/or at trial, and according to the Unopposed Motion for Preliminary Approval of the Second Revised Settlement, there are still disputed material facts, including whether the Class Members were misclassified as overtime exempt, and whether the Class Members worked any overtime. See ECF 134-1 at 18–19. This is the only agreement between the parties under Rule 23(e)(3). Id. at 21.

Moreover, the Second Revised Settlement addresses the Court's previous concerns. See ECF 130, ECF 131.

*First*, the Second Revised Settlement is no longer proceeding solely on an Opt-Out basis. The Parties have included both Opt-In and Opt-Out procedures in this hybrid action, which addresses both FLSA and Rule 23 state law class claims. See ECF 134-1 at 8–11; ECF 134-2 ¶¶ 54–56. The Second Revised Settlement provides a procedure for Class Members to opt into the FLSA collective settlement and carves out $200,000.00 from the Total Settlement Fund to pay Opt-In Plaintiffs additional pro-rata shares for settlement of their FLSA claims. See ECF 134-1 at 5–6, 8–11; ECF 134-2 ¶ 15. The Second Revised Settlement and proposed Notice also thoroughly detail the different actions that a Class Member has taken or may take, and the various implications

of each action and how the claims will be handled. See ECF 134-1 at 8–11; ECF 134-2, Exhibit 1 ("Notice of Class/Collective Action Settlement").

*Second*, the Second Revised Settlement addresses how the Settlement proceeds will be split between the FLSA claims and the Rule 23 state law class action claims. The Settlement will establish an $8,500,000.00 non-reversionary Total Settlement Fund, which will pay Class Members' claims, attorneys' fees and costs, and Service Awards. See ECF 134-1 at 5–6; ECF 134-2 ¶ 31. The Second Revised Settlement also carves out $200,000.00 from the Total Settlement Fund to pay Opt-In Plaintiffs separate pro-rata shares for settlement of their FLSA claims. See ECF 134-1 at 5–6; ECF 134-2 ¶¶ 15, 18.

*Third*, the Second Revised Settlement is in accordance with Lundeen. In Lundeen, the Third Circuit held that the FLSA's opt-in requirement in § 216(b) does not forbid the release of "unasserted" FLSA claims as part of an opt-out Rule 23 class action settlement. 156 F.4th at 334–35. In other words, employees who did not opt in to the FLSA collective action (but had the opportunity to) and did not opt out of the Rule 23 class action may waive the right to assert FLSA claims related to the action in the future. Id. at 336 n.4, 338–39. Here, the Second Revised Settlement not only describes the implications of each action that a Class Member may take, but also clearly explains how Class Members can preserve their claims, including any FLSA claims, by timely opting out of the Settlement. See ECF 134-1 at 23–24; ECF 134-2, Exhibit 1. The proposed Notice specifically describes how a Class Member will not receive an FLSA Settlement Payment and will release any FLSA claims if they do nothing (*i.e.*, not Opt-Out) and have not previously Opted-In. See ECF 134-2, Exhibit 1.

Lastly, the Second Revised Settlement treats class members equitably relative to each other. Each Class Member's Individual Settlement Payment will be the sum of their Individual

9

FLSA Collective Settlement Payment and their Individual Rule 23 Class Settlement Payment. ECF 134-1 at 21. The Parties will calculate each Individual Settlement payment by:

(1) For Opt-In Plaintiffs, the Administrator will calculate each Opt-In Plaintiff's Individual FLSA Collective Settlement Payment by dividing the $200,000.00 FLSA Collective Settlement Fund by the total number of workweeks worked by all Opt-In Plaintiffs during the Class Period, then multiplying that quotient by each Opt-In Plaintiff's Eligible Workweeks. Id.

(2) The Administrator will then calculate each Class Member's Individual Rule 23 Class Settlement Payment by dividing the Net Settlement Amount by the total number of workweeks worked by all Class Members during the Class Period, then multiplying that quotient by each Settlement Class Member's Eligible Workweeks. Id.

### 6. **Attorney's Fees**

Class Counsel requests attorney's fees of up to 33%, stating this is consistent with Pennsylvania and Third Circuit case law. Id. at 13. A "district court should review the request for attorney's fees with analysis both as to the amount of time spent by counsel, the applicable rate, and the percentage of the fee relative to the total award." Thomas v. Walmart, Inc., No. CV 18-4717, 2023 WL 3305161, at *1 (E.D. Pa. May 5, 2023) (Baylson, J.). The Court will consider attorney's fees at a later date.

## VI. CONCLUSION

An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-1447 Steahle v Cargroup\24-1447 Memo re Prelim Approval Second Revised Settlement.docx

## APPENDIX A

The notice program for the proposed revised Settlement (ECF 134-1) is as follows:

1.  No later than twenty (20) calendar days after Plaintiff files this Motion, Defendant will provide to the Settlement Administrator the names, last known addresses, last known telephone numbers, and the last four digits of the social security numbers of the Class Members who worked at any time from the applicable statute of limitations period through December 31, 2024. ECF 134-2, ¶ 47(a).

2.  Within forty (40) calendar days of the Court's Preliminary Approval of the Settlement, the Administrator shall consult the National Change of Address Registry, update any addresses, and mail to all Class Members, by first-class U.S. mail, the Notice Form, Consent to Join (Opt-In) FLSA Collective and Release Form, and Opt-Out Form. Id. ¶ 47(c).

3.  Within ten (10) calendar days after the Administrator sends Notice to the Class Members, Defendant will email all currently employed Class Members, at their company email addresses, a mutually agreed upon message that advises currently employed Class Members of the Settlement and provides the Administrator's contact information to assess their rights and responsibilities. For Class Members who are no longer employed by Defendant, Defendant will send the same email to their last known personal email addresses. Id. ¶ 48.

4.  The Administrator shall provide the Parties with a weekly update of the number of any Consent to Join (Opt-In) FLSA Collective and Release Forms, Opt-Out Forms, and/or objections received. Id. ¶ 49.

5.  Each Settlement Class Member's settlement check shall include the following release language on the back of the check:

> By signing and cashing or otherwise negotiating this check I release all federal (including those under the Fair Labor Standards Act), state, and local claims or causes of action for alleged wages owed for time worked that I have against the Released Parties arising out of or relating to facts asserted in the lawsuit styled *Megan Steahle v. CarGroup Holdings,*

1

*LLC, d/b/a www.WeBuyAnyCar.com*, (Case No. 2:24-cv-01447-MMB), pending in the U.S. District Court for the Eastern District of Pennsylvania, in accordance with the Settlement Agreement approved by the Court.

Id. ¶ 52.

6. The revised Settlement now contains an opt-in procedure, allowing Class Members to assert FLSA claims by opting into the FLSA collective during the sixty-day Notice Period if they have not already done so. Id. ¶ 54. To opt in, Class Members must complete and return to the Administrator the Consent to Join (Opt-In) and Release Form no later than sixty (60) calendar days after the Administrator mails the Notice Packets. Id. ¶ 54(a). All Opt-In Plaintiffs will receive a pro rata share of the $200,000.00 FLSA Collective Action Settlement Fund, in addition to their pro rata share of the Net Settlement Fund for their Rule 23 state law class claims. See id. ¶¶ 42, 54(b). Class Members who previously executed and filed a Consent to Join this Action will also receive a pro rata share of the $200,000.00 FLSA Collective Action Settlement Fund.

7. Class Members who wish to object to the Settlement must not opt out of the Settlement and must serve on the Administrator, not later than sixty (60) calendar days after the date that the Administrator first mails the Notice Packets ("Objection Deadline"), a written statement objecting to the Settlement and setting forth the grounds for the objection. Id. ¶ 53. This statement must indicate whether the Class Member intends to appear and object to the Settlement at the Final Approval Hearing. Failure to do so will constitute a waiver of the right to appear at the hearing, absent a contrary order of the Court. Id. A Class Member who does not submit an objection in the manner and by the deadline specified above shall be deemed to have waived all objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise, absent a contrary order of the Court. Id.

8. Class Members who wish to opt out of the Settlement to preserve state and federal wage and hour claims must submit to the Administrator an Opt-Out Form requesting that he or she

be excluded from the Settlement Class, not later than sixty (60) calendar days after the date that the Administrator first mails the Notice Packets ("Opt-Out Deadline"). Id. ¶ 55(a). Opt-Out Forms may be submitted to the Administrator via U.S. Mail, email, or fax. Id. A Class Member who submits a valid and timely Opt-Out Form shall not participate in, or be bound by, the Settlement or the Judgment in any respect. Id. ¶ 55(b). To be valid, Opt-Out Forms must be postmarked or received by the Administrator by the Opt-Out Deadline. Id. Persons who submit Opt-Out Forms shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement. Id.

9. All Class Members who do not submit a timely Opt-Out Form shall be bound by the terms of the Settlement, including without limitation, the applicable release set forth in the Settlement, *i.e.* be classified and treated as a Settlement Class Member. Id. ¶ 60.

10. The Second Revised Settlement Agreement clearly explains how Class Members can preserve their claims, including any FLSA claims, by timely opting out of the Settlement during the sixty-day Notice Period. See ECF 134-2, Exhibit 1 ("Notice of Class/Collective Action Settlement"). The revised Notice further advises Class Members that they will release all claims, including FLSA claims, unless they affirmatively opt out of the Agreement. Id. §§ 3, 4, 7, 10.

11. The Second Revised Settlement Agreement includes a procedure for Class Members to both opt into the FLSA collective and opt out of the Rule 23 class. ECF 134-2, ¶ 56. If so, the Class Member would receive an Individual FLSA Collective Settlement Payment and release any potential FLSA claims but would not receive an Individual Rule 23 Class Settlement Payment, thereby preserving any state law claims. Id. ¶¶ 56, 61. The revised Notice and Opt-Out form explain this option to Class Members. See ECF 134-2, Exhibit 1 ("Notice of Class/Collective Action Settlement"), §§ 4, 9; ECF 134-2, Exhibit 3 ("Opt-Out Form").

12. Furthermore, the Parties crafted a Notice that clearly explains the implications of each action a Class Member has taken or may take. That said, the Parties also recognize that the hybrid nature of this case could result in a Class Member mistakenly believing that both forms should be executed and returned to receive the maximum benefits of this Settlement. Therefore, as additional protection, the Settlement includes a procedure whereby, if a Class Member timely returns a Consent to Join (Opt-In) FLSA Collective and Release Form, or has previously consented to join the Collective, and timely returns an Opt-Out Form, the Administrator will contact the Class Member to obtain clarification or confirmation of the Class Member's intent. Id. ¶ 56(b).

   a. If by the time of the Final Fairness Hearing, the Class Member confirms his or her intention to the Administrator to opt into the FLSA Collective and opt out of the Rule 23 state law class, then such Class Member shall receive only an Individual FLSA Collective Settlement Payment from the FLSA Collective Settlement Fund and shall not receive an Individual Rule 23 Class Settlement Payment. Id. ¶ 56(c).

   b. If the Class Member explains to the Administrator that he or she desires to release FLSA claims and state law claims and receive payments pertaining to both, but mistakenly submitted an Opt-Out Form, the Parties' counsel shall be informed, and such Opt-Out Form will be withdrawn. Id. ¶ 56(d).

   c. If the Administrator is unable to obtain clarification or confirmation of the Class Member's intent by the time of the Final Fairness Hearing, such Class Member shall receive only an Individual FLSA Collective Settlement Payment from the FLSA Collective Settlement Fund and shall not receive an Individual Rule 23 Class Settlement Payment. Id. ¶ 56(e).

13. As necessary, the Court will be the final arbiter of any disputes as to whether a person has filed a valid Consent to Join (Opt-In) FLSA Collective and Release Form, a valid Opt-Out Form, a valid Objection Form, and/or a valid dispute as to the person's inclusion or exclusion as a Settlement Class Member. Id. ¶ 56(f).

14. If a settlement payment check is returned as undeliverable, the Administrator will use its discretion to take all commercially reasonable steps necessary to locate an updated mailing address for that Settlement Class Member, including but not limited to, enhanced skip tracing methods, calling and/or emailing the individual. Id. ¶ 58. If the Administrator can obtain an updated address, the Administrator will forward payment to the updated address. Id.

15. The funds for any uncashed checks will remain with the Administrator in the QSF or escrow account for a period of one (1) year following the date that the Settlement receives final approval to be paid to Settlement Class Members who request payment of their uncashed check. Id. ¶ 59. After one year, the Settlement Administrator will deliver any remaining funds to the Center for Autism Research at the Children's Hospital of Philadelphia. Id.